UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLGA NEGRON and RAMONITA GARCIA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BETHLEHEM AREA SCHOOL DISTRICT and BOARD OF SCHOOL DIRECTORS OF THE BETHLEHEM AREA SCHOOL DISTRICT, <br><br> Defendants. | **COMPLAINT – CLASS ACTION** <br><br> C.A. No. _____ |

## PRELIMINARY STATEMENT

1. Plaintiffs, individual Hispanic voters residing within the Bethlehem Area School District, bring this lawsuit to challenge the at-large method of electing members of the Board of School Directors. As alleged herein, the at-large method of electing Directors impermissibly diminishes the voting strength of Hispanics in violation of Section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiffs are United States citizens of Hispanic national origin who reside within the Bethlehem Area School District, are eligible to vote in School Board elections, have a history of voting in School Board elections, and fully intend to vote in future School Board elections.

Going forward, in the absence of judicial relief, Plaintiffs' voting strength will continue to be severely diluted by virtue of the at-large method of electing School Board Directors.

5. Plaintiff Olga Negron is of Hispanic national origin and is a registered voter residing in Bethlehem, Pennsylvania, which lies within the Bethlehem Area School District. Plaintiff Negron regularly has voted in recent elections, including recent School Board elections, and she fully intends to vote in future elections.

6. Plaintiff Ramonita Garcia is of Hispanic national origin and is a registered voter residing in Bethlehem, Pennsylvania, which lies within the Bethlehem Area School District. Plaintiff Garcia regularly has voted in recent elections, including recent School Board elections, and she fully intends to vote in future elections.

7. Defendant Bethlehem Area School District (hereinafter "District") is a school district created and operating pursuant to Pennsylvania law and having its headquarters at 1516 Sycamore Street, Bethlehem, Pennsylvania. Pursuant to Pennsylvania law, the District is organized for the purpose of providing a program of public education to serve the needs of students residing within the municipal boundaries of the City of Bethlehem, the townships of Bethlehem and Hanover, and the boroughs of Freemansburg and Fountain Hill.

8. Defendant Board of School Directors of the Bethlehem Area School District (hereinafter "Board") is a school board consisting of nine elected members, operating pursuant to Pennsylvania law, and having its principal place of business at 1516 Sycamore Street, Bethlehem, Pennsylvania. Pursuant to Pennsylvania law and the Board's own operating procedures, the Board is empowered and authorized to establish, equip, furnish, operate and maintain the District's public schools, and it acts as the general agent of the District's residents with respect to public education.

9. Throughout this Complaint, the District and the Board are referred to collectively as "Defendants."

## CLASS ACTION ALLEGATIONS

10. The Representative Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated against Defendants pursuant to Federal Rule of Civil Procedure Rule 23(a) and (b)(2) and Local Civil Rule 23.1.

11. The Plaintiff class includes all District residents of Hispanic national origin who are eligible and registered to vote for candidates in Board elections.

12. The above-described class includes thousands of individuals and, as such, is so numerous that joinder of all class members is impracticable.

13. There are questions of law and fact common to the Plaintiff class. These questions include whether the at-large election scheme described herein dilutes the class members' voting strength and offers them less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice in a manner that violates Section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973.

14. The claims of the Representative Plaintiffs are typical of the claims of the class as a whole.

15. The Representative Plaintiffs can adequately and fairly represent the interests of the entire class, and the Representative Plaintiffs do not seek monetary or other relief that would require consideration of individual circumstances.

16. The Representative Plaintiffs are represented by counsel who are familiar with the applicable laws, have the resources necessary to pursue this litigation, and are experienced in class action litigation and litigation arising under the federal civil rights laws.

17. Class certification pursuant to Rule 23(b)(2) is warranted because Defendants have acted or failed to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

## FACTS

18. Pennsylvania law permits Defendants to develop and implement an election scheme whereby the District can be divided into "regions," each of which elects one or more Board member representatives from within the region's defined geographic area. See 24 P.S. § 3-303. Defendants have rejected this approach. Instead, Defendants have implemented and maintained an election scheme whereby Board members are elected to "at-large" seats in District-wide elections.

19. Under Defendants' at-large method of electing Board members, during each municipal election cycle, all voters in the District vote to fill either four or five of the nine Board seats from among a group of Board candidates, each of whom must run a District-wide campaign and, if elected, will represent the entire District. In an election year in which four Board seats are open,[1] the top four vote-getters in the Spring primary receive their party's nomination and compete in the Fall general election, during which the top four vote-getters are elected to Board seats. In an election year in which five Board seats are open,[2] the top five vote-getters in the Spring primary receive their party's nomination and compete in the Fall general election, during which the top five vote-getters are elected to Board seats.

---

[1] Under Pennsylvania law, this occurred during the municipal elections of 1985, 1989, 1993, 1997, 2001, and 2005, and will continue to occur ever four years thereafter. See 24 P.S. § 3-303(a).
[2] Under Pennsylvania law, this occurred during the municipal elections of 1987, 1991, 1995, 1999, and 2003, and will continue to occur ever four years thereafter. See 24 P.S. § 3-303(a).

4

20. Defendants' at-large method of electing Board members effectively forecloses Hispanic voters from electing a candidate of their choice to the Board, and, in fact, all of the nine current Board members are White.

21. Currently, a substantial portion of the District's general population, voting-age population, and registered voters are Hispanic.

22. Voting in the District is racially polarized between Whites and Hispanics. Whites form the majority of the District's voting age population, and voting as a bloc, the White majority usually outvotes the Hispanic minority in District-wide elections, thereby preventing Hispanics from electing a candidate of their choice.

23. The District's Hispanics are sufficiently numerous, geographically compact, and politically cohesive, such that at least one – and possibly two – voting regions may be drawn in which Hispanic voters would be sufficiently numerous to have an opportunity to elect a candidate of their choice.

24. Over the years, Hispanic candidates generally have been unsuccessful in running for office against White candidates in the District.

25. Historically, Hispanics in the District bear the effects of discrimination in education, employment, and health, which hinder their ability to participate in the political process on an equal basis as Whites.

## COUNT I

26. Plaintiffs repeat and re-allege the allegations in paragraphs 1-25.

27. Section 2 of the Voting Rights Act prohibits a State or its political subdivision from imposing any voting practice or procedure that results in a denial or abridgement of the right of any citizen of the United States to vote on account of race. See 42 U.S.C. § 1973.

Section 2 is violated where, based on the totality of the circumstances, members of a racial minority group have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice. See id.

28. Defendants' at-large method of electing Board members is a voting standard, practice, or procedure.

29. By failing to divide the District into regions in which Hispanic voters would have the opportunity to elect the candidate of their choice, Defendants dilute the voting strength of Hispanic voters, thereby violating Section 2 of the Voting Rights Act.

30. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment in their favor and entry of an Order:

A. declaring that Defendants' at-large method of electing Board members violates Section 2 of the Voting Rights Act;

B. permanently enjoining Defendants' at-large method of electing Board members;

C. dividing the District into single-member regions, including at least one region in which Hispanics constitute a majority or near-majority of the region's eligible voters;

D. awarding Plaintiffs the costs of this action and their reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1973l(e) and 42 U.S.C. § 1988; and

E.  granting such other, further and additional relief as the Court may deem just and proper.

Date: February 13, 2006

*[signature]*
Peter Winebrake
TRUJILLO RODRIGUEZ & RICHARDS, LLC
226 W. Rittenhouse Square
Philadelphia, PA  19103
(215) 731-9004
(215) 731-9044 Fax

Frederick P. Rooney
ROONEY & MANNICCI, LLC
7 West Morton Street
Bethlehem, PA 18015
(610) 882-9600

Sis-Obed Torres
ROONEY & MANNICCI, LLC
7 West Morton Street
Bethlehem, PA 18015
(610) 882-9600
(*Pro Hac Vice* Admission Anticipated)

Counsel for Plaintiffs and the Class